1 Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
2 Justin M. Gomes (SBN 301793)
3 jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
4 603 Rose Avenue
5 Venice, California 90291
Telephone: (310) 590-1820
6 Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARISH AHMAD KHAN, p/k/a "KING KHAN", an individual; and SABAA LOUISE AHMAD KHAN, p/k/a "SABA LOU", an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ROBYN RIHANNA FENTY, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

- 1 -

COMPLAINT

Plaintiffs, Arish Ahmad Khan p/k/a "King Khan," and Sabaa Louise Ahmad Khan p/k/a "Saba Lou," by and through their undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976.

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

**PARTIES**

4. Plaintiffs are individuals residing in Berlin, Germany.

5. Plaintiffs are informed and believe and thereon allege that Defendant Robyn Rihanna Fenty, p/k/a "Rihanna" ("RIHANNA") is an individual residing primarily in Los Angeles, California. Plaintiffs are further informed and believe and thereon allege that RIHANNA was a founder of the "FENTY" fashion label and has an ongoing financial interest in FENTY's business as it concerns the marketing and sale of "FENTY" branded products.

6. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiffs allege on information and belief that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and

actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

8.  Plaintiffs are a father-daughter musical duo residing in Berlin Germany.

9.  Plaintiffs created and exclusively own the music and lyrics for the song "Good Habits (and Bad)" (the "Subject Song"), and a recording of that song they created together.

10. Plaintiffs have registered the Subject Song with the United States Copyright Office.

11. One or more of the Defendants accessed the Subject Song online via Spotify, YouTube, Apple Music, Deezer, iHeartRadio, or some other source.

12. Defendants, and each of them, have willfully copied, reproduced, performed, and distributed significant portions of Plaintiffs' recording of the Subject Song for financial benefit and without Plaintiffs' consent, in at least one social media video advertisement for FENTY brand accessories that was published on INSTAGRAM by RIHANNA. Said video will be referred to as the "Infringing Video" herein.

13. Plaintiffs did not consent to said use of the Subject Song.

### FIRST CLAIM FOR RELIEF
(For Copyright Infringement – Against all Defendants, and Each)

14. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

15. Plaintiffs allege on information and belief that Defendants, and each of them, accessed the Subject Song online through a streaming portal or otherwise. The identicality of the copying also show access.

16. Plaintiffs allege on information and belief that Defendants, and each of them, copied, reproduced, performed, and distributed the Subject Song in an INSTAGRAM

post, including without limitation in the video post a screenshot of which is reproduced in **Exhibit A** hereto.

17. Plaintiffs allege on information and belief that Defendants, and each of them, infringed Plaintiffs' copyrights in the composition and recording of the Subject Song by creating an infringing derivative work therefrom by soundtracking the entire Infringing Video with portions of the Subject Song and publishing the same to the public.

18. The Infringing Video received extensive engagement, garnering over 3,400,000 views and over 10,000 comments on INSTAGRAM.

19. Due to Defendants', and each of their, acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Song. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiffs' rights in the Subject Song in an amount to be established at trial.

21. Plaintiffs allege on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

### SECOND CLAIM FOR RELIEF
(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

22. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

23. Plaintiffs allege on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Song as alleged hereinabove. Such conduct included, without limitation, publishing a video containing the Subject Song obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Video on affiliate, third-party, and social media sites; and distributing the Infringing Video to third-parties for further publication.

24. Plaintiffs allege on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Video, and were able to supervise the distribution, broadcast, and publication of said content.

25. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Song. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Song, in an amount to be established at trial.

27. Plaintiffs allege on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the

sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment as follows:

### Against all Defendants, and Each, with Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiffs' copyrights in the Subject Song, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Song from any social media, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiffs be awarded all profits of Defendants, and each of them, plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiffs' intellectual property rights;

d. That Plaintiffs be awarded their attorneys' fees as available under the Copyright Act U.S.C. § 505;

f. That Plaintiffs be awarded their costs and attorneys' fees;

g. That Plaintiffs be awarded statutory and enhanced damages;

h. That Plaintiffs be awarded pre-judgment interest as allowed by law; and

i. That Plaintiffs be awarded further legal and equitable relief as deemed proper.

**Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

Respectfully submitted,

Dated: December 22, 2020         By: */s/ Scott Alan Burroughs*
                                     Scott Alan Burroughs, Esq.
                                     Justin M. Gomes, Esq.
                                     DONIGER / BURROUGHS
                                     For the Plaintiffs

# EXHIBIT A

**Infringing Video - INSTAGRAM URL:**

**https://www.instagram.com/p/CAJQov8HX0d/**

**Infringing Video Screen Captures:**



- 9 -

